# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00112-FDW-DSC

| | |
|---|---|
| CHRISTOPHER HOLLIS, HERMAN PURVIS AND VERAKA STURDIVANT, ) ) ) | |
| Plaintiffs, ) ) | **ORDER** |
| v. ) ) | |
| VALLEY PROTEINS INC., ) ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Plaintiffs' Expedited Motion to Modify the Case Management Order (Dkt. 29) and Increase the Number of Depositions Plaintiffs May Take," Doc. 46, "Plaintiffs' Expedited Motion to Compel Discovery and for Sanctions," Doc. 48, "Defendant's Motion for Protective Order Regarding Additional Depositions," Doc. 53, "Defendant Valley Proteins' Motion to Strike Plaintiffs' Reply Briefs," Doc. 68, and the parties' associated briefs and exhibits. See Docs. 47, 49, 54, 63,65-67, 69 and 71.

In their "Expedited Motion to Modify the Case Management Order (Dkt. 29) and Increase the Number of Depositions Plaintiffs May Take," Doc. 46, Plaintiffs seek an order amending the Case Management Order allowing them to conduct up to four additional depositions in addition to the Rule 30(b)(6) deposition of the named Defendant. In particular, Plaintiffs seek to depose Director of Treasury and Operations Rodney White and Chief Financial Officer Stuart Hylton. In "Plaintiffs' Expedited Motion to Compel Discovery and for Sanctions," Doc. 48, they seek complete responses to Interrogatories Nos. 2, 4, 5, 6, 8, 9, 10 and 15 and Requests for Production

Nos. 2-6, 7, 10-11, 12 and 15 as well as sanctions against Defendant arising from the 30(b)(6) deposition.

In response, Defendant filed its "Motion for Protective Order Regarding Additional Depositions," Doc. 53, requesting that the Court quash the Notices of Depositions for Stuart Hylton and Rodney White for September 24, 2021 and prohibit Plaintiffs from taking additional depositions. In Plaintiffs' Response (Doc. 63) they acknowledge that the notices of depositions were withdrawn on September 21, 2021.

The Court has carefully examined the record, the parties' arguments and the applicable authorities. The Court concludes that Plaintiffs should be allowed to take the depositions of Rodney White and Stuart Hylton. But with regard to the deposition of Hylton, Plaintiffs are limited to questioning him about the topics they have identified that necessitate his deposition. See Folwell v. Hernandez, 210 F.R.D. 169, 175 (M.D.N.C. 2002) (allowing limited deposition of defendant's CEO and President on those topics within the scope of the executive's unique personal knowledge); see also Martinez-Hernandez v. Butterball, LLC, No. 5:07-CV-174-H, 2010 WL 2089251, at *10 (E.D.N.C. May 21, 2010), Order aff'd in part, vacated in part on different grounds, No. 5:07-CV-174-H(2), 2011 WL 4549101 (E.D.N.C. Sept. 29, 2011) (limiting questioning of deponents to one hour on limited topics about which they had personal knowledge when plaintiffs had already had the opportunity to conduct a 30(b)(6) deposition). The Court orders the parties to confer and schedule these two depositions within thirty days of this Order and if at all possible to schedule them on consecutive days when both counsel and the witnesses are available. The Court will deny Plaintiff's request to take two other depositions.

The Court will also order Defendant to produce complete responses to Interrogatories Nos. 2, 4, 5, 6, 8, 9, 10, and 15 and Requests for Production Nos. 2-6, 7, 10-11, 12, and 15, including,

but not limited to, raw timekeeping and payroll records, including but not limited to SAP, Timelink, Omnitracs, SCALE and earning statements for named, opt-in, putative Plaintiffs and Rule 23 class members. The Court will not impose sanctions against Defendant.

In "Defendant Valley Proteins' Motion to Strike Plaintiffs' Reply Briefs," Doc. 68, it requests the Court strike two different reply briefs filed by Plaintiffs in response to discovery motions (Doc. 66 and 67). Defendant argues that the Case Management Order (Doc. 29) prohibits the filing of reply briefs in response to discovery motions and therefore Plaintiffs' reply briefs should be stricken.

The Case Management Order states in Section 3(c)(i) that "Unless prior permission has been granted . . .reply memoranda will not be permitted in discovery or evidentiary disputes." (Doc. 29). The Case Management Order also states that

> [T]he parties are required, within fourteen (14) calendar days after a discovery dispute arises, to schedule and submit to an informal telephonic conference before the referral magistrate judge (or the presiding district judge, if the magistrate judge is unavailable prior to the expiration of the 14 days). The judicial officer presiding over such a teleconference shall have jurisdiction to: (i) mediate the parties' own resolution of the dispute; (ii) make a summary legal determination on the merits of the dispute, if appropriate; (iii) require the aggrieved party to file a written motion to compel and/or set an abbreviated briefing schedule, if appropriate; and (iv) award appropriate sanctions pursuant to Rule 37.

Id.

On August 16 and September 3, 2021, counsel contacted chambers concerning discovery disputes between the parties. On both dates, chambers staff emailed the parties advising that discovery disputes would be resolved following the "filing of motions and full briefing." Doc. 71-1 (emphasis added). Based upon those instructions, the Court **DENIES** Defendant's Motion to Strike Plaintiffs' Reply briefs.

**IT IS HEREBY ORDERED** that:

1. "Plaintiffs' Expedited Motion to Modify the Case Management Order (Dkt. 29) and Increase the Number of Depositions Plaintiffs May Take," Doc. 46, is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are allowed to take the depositions of Rodney White and Stuart Hylton. However, with regard to the deposition of Hylton, Plaintiffs are limited to questioning him about the topics they have identified that necessitate his deposition. The Court orders the parties to confer and schedule these two depositions within thirty days of this Order and if at all possible to schedule them on consecutive days when both counsel and the witnesses are available.

2. "Plaintiffs' Expedited Motion to Compel Discovery and for Sanctions," Doc. 48, is **GRANTED IN PART AND DENIED IN PART**. Within thirty days of this Order, Defendants shall produce complete responses to Interrogatories Nos. 2, 4, 5, 6, 8, 9, 10, and 15 and Requests for Production Nos. 2-6, 7, 10-11, 12, and 15, including, but not limited to, raw timekeeping and payroll records, including but not limited to SAP, Timelink, Omnitracs, SCALE and earning statements for named, opt-in, putative Plaintiffs and Rule 23 class members. If Defendant contends that it has fully responded to a discovery request, it must affirmatively state such compliance in a verified discovery response. In the event that Defendant contends any documents are subject to privilege, it shall produce a privilege log.

3. "Defendant's Motion for Protective Order Regarding Additional Depositions," Doc. 53, is **MOOT** with regard to quashing the Notices of Deposition because the Notices have been withdrawn by Plaintiffs' counsel and **DENIED** with regard to prohibiting Plaintiffs from noticing additional depositions.

4. "Defendant Valley Proteins' Motion to Strike Plaintiffs' Reply Briefs," Doc. 68, is **DENIED**.

5. The parties shall bear their own costs at this time.

6. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: October 15, 2021

David S. Cayer
United States Magistrate Judge