# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00112-RJC-DSC

| | |
|---|---|
| CHRISTOPHER HOLLIS, HERMAN PURVIS, and VERAKA STURDIVANT on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>) |
| VALLEY PROTEINS INC., | )<br>) |
| Defendant. | ) |

## ORDER

**THIS MATTER** is before the Court on "Valley Proteins' Request for Clarification of the Court's Conflicting Order Concerning the Production of Earnings Statements" (Doc. 86) and the parties' briefs and exhibits. Docs. 87, 89 and 90. For the reasons set forth therein, the Motion <u>is</u> **<u>GRANTED</u>** and the Court clarifies its Orders regarding production of earnings statements below.

Defendant requests that the Court clarify whether it intended to reverse its prior ruling that Valley Proteins did not have to produce its payroll and time data in a third format (Doc. 45) or whether the inclusion of "earning statements" in its Order partially granting Plaintiffs' Second Motion to Compel (Doc. 73) was a typographical error. The Court has reviewed the record and concludes that it has not issued conflicting Orders and there is no typographical error.

In the first Motion to Compel (Doc. 39), Plaintiffs sought an order compelling Defendant to supplement its responses to Plaintiffs' First Set of Interrogatories and Requests for Production, schedule named Plaintiffs' depositions on non-consecutive days and impose sanctions. Plaintiffs wanted the information produced in a specific format. Defendant argued that the information had

already been produced in two formats and that it should not be required to produce in a third format. Defendant summarized the dispute as follows:

> Defendant has attempted to work collaboratively with Plaintiffs throughout discovery, both in discharging its obligations to respond to discovery requests and in scheduling the Named Plaintiffs' depositions. However, despite Defendant's production of tens of thousands of pages of documents requested by Plaintiffs, and Defendant's continued supplementation, Plaintiffs remain dissatisfied and seek to compel Defendant to produce still more documents, covering more individuals. Specifically, Plaintiffs demand that Defendant produce payroll journals for the putative class that contain identical information to the previously-produced payroll spreadsheet and pay stubs…The data Plaintiffs seek from the payroll journals has already been produced in the form of the spreadsheet and pay stubs — as this data was all generated from Defendant's SAP payroll system. The only difference is that the payroll journal report condenses and combines certain data (e.g., combining both federal and state withholdings into a single number) and uses abbreviations (as compared to the more user-friendly terms used in the pay stubs). Defendant should not be compelled to produce the same data in yet another format.

Doc. 42 at 5-6. The Court agreed with Defendant and denied the Motion to Compel based upon Defendant's Response (Doc. 42).

In Plaintiffs' Second Motion to Compel (Doc. 49), Plaintiffs represented:

> Despite repeated discussions regarding missing data, Defendant's corporate witnesses testified that there were manuals relating to payroll and timekeeping systems that have not been fully produced, were modified prior to production, or not even mentioned in responses, such as the SCALE system. See Dkt. 47-2, at 113:9-114:18 (Defendant's counsel asserting additional SCALE information is not relevant to Plaintiffs' claims); see id at 115:118:19, 119:21-121:10 (Defendant's counsel not denying Plaintiff's counsel concerns regarding manipulated and commingled data between timekeeping and payroll system). Defendant's responses are insufficient as it has not produced complete payroll and timekeeping data, as made apparent during Defendant's deposition.
>
> Moreover, responses to RFPs 2, 4, 5, 6, and 10 fail to provide Plaintiffs with all requested and relevant information, specifically as it relates to all documents relating to payroll records and systems including, but not limited to, raw data records for SAP, Timelink, SCALE, and/or Omnitracs, used to either record all hours worked, document, and/or process payroll. Such a production has resulted in deficient answers to ROG Numbers 4, 5, 6, and 8 and RFP Numbers 2,4-5, 6-7, 10, 12 and 15 and information (including various payroll records and reports) for putative plaintiffs/class members is discoverable and necessary, to establish class claims, in addition to, computing class-wide damages for trial, as recognized throughout this circuit and all across the country… Accordingly, Defendant must

> produce employment records, raw timekeeping and payroll records, including, but not limited to SAP, Timelink, SCALE, Omnitracs, and earning statements (i.e., Dkt. 40-7), for putative collective/class members for the entire relevant time period."

Doc. 49 at 8-10.

Based upon Plaintiffs' representation that deposition testimony revealed Defendant had not fully responded to discovery requests, the Court ordered "Defendant to produce complete responses to Interrogatories Nos. 2, 4, 5, 6, 8, 9, 10 and 15 and Requests for Production Nos. 2-6, 7, 10-11, 12 and 15, including, but not limited to, raw timekeeping and payroll records, including but not limited to SAP, Timelink, Omnitracs, SCALE and earning statements for named, opt-in, putative Plaintiffs and Rule 23 class members." Doc. 73 at 2-3. The Court allowed Defendant to state that it had fully responded to a discovery request in a verified response. Defendant had the opportunity to stand by its position from the first Motion to Compel that it had produced all relevant information. Id. at 4.

Now in this instant Motion, Defendant contends that these two Orders are inconsistent. It argues that the Court denied the first Motion to compel earnings statements and then borrowed language in the second Order from one sentence in the Plaintiffs' brief that included earnings statements. This is an incorrect interpretation of these two Orders. The Court did not issue inconsistent rulings. In the first Motion to Compel Order, the Court ruled Defendant did not have to produce documents already produced in a different format. In the second Motion to Compel Order, Defendants were ordered to produce anything that was relevant to the discovery requests that had not already been produced. If Defendant believed everything had been produced it could affirmatively state such compliance in a verified discovery response.

Therefore, the Court clarifies that Defendants are required to fully answer Plaintiffs' discovery requests. If Defendant stands by its position that the information in the earning

statements has already been produced in another format then it does not need to produce the information in a specific format requested by Plaintiffs. However, if the information has not been produced and the earning statements show new and or different information that is responsive to the discovery requests, it must be produced.

**SO ORDERED**.

Signed: December 29, 2021

David S. Cayer
United States Magistrate Judge