UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00112-FDW-DSC

| | |
|---|---|
| CHRISTOPHER HOLLIS, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    ORDER and<br>)    NOTICE OF HEARING |
| VALLEY PROTEINS INC., | )<br>) |
| Defendant. | )<br>) |

THIS MATTER is before the Court on the following motions: (1) Plaintiffs' Motion to Certify Class Conditionally as a Collective Action and for a Court-Authorized Notice to be Issued Under Section 216(b) of the Fair Labor Standards Act, (Doc. No. 14); (2) Plaintiffs' Amended Motion to Certify Class as a Collective Action and for a Court-Authorized Notice to be Issued Under Section 216(b) of the Fair Labor Standards Act, (Doc. No. 17); (3) Plaintiffs' Motion to Certify Class Under Fed. R. Civ. P. 23 and for Appointment of Class Counsel Under Fed. R. Civ. P. 23(g), (Doc. No. 55); (4) Defendant's Motion for Judgment on the Pleadings, (Doc. No. 75); (5) Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement, (Doc. No. 104); (6) Plaintiffs' Motion for Attorney Fees and Reimbursement of Expenses, (Doc. No. 106); and (7) Plaintiffs' Motion for Preliminary Approval of Service Awards, (Doc. No. 108). For the reasons set forth herein, the Court GRANTS Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement, (Doc. No. 104); Plaintiffs' Motion for Attorney Fees and Reimbursement of Expenses, (Doc. No. 106); and Plaintiffs' Motion for Preliminary Approval of Service Awards, (Doc. No. 108). The Court, accordingly, DENIES AS MOOT Plaintiffs' Motion to Certify Class Conditionally as a Collective Action and for a Court-Authorized Notice to be Issued Under Section 216(b) of the Fair

Labor Standards Act, (Doc. No. 14); Plaintiffs' Amended Motion to Certify Class as a Collective Action and for a Court-Authorized Notice to be Issued Under Section 216(b) of the Fair Labor Standards Act, (Doc. No. 17); Plaintiffs' Motion to Certify Class Under Fed. R. Civ. P. 23 and for Appointment of Class Counsel Under Fed. R. Civ. P. 23(g), (Doc. No. 55); and Defendant's Motion for Judgment on the Pleadings, (Doc. No. 75).

### A. Class and Collective Action Settlement

The Court first addresses Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement, (Doc. No. 104).

WHEREAS, Named Plaintiffs Christopher Hollis, Herman Purvis, and Veraka Sturdivant ("Plaintiffs") and Defendant Valley Proteins, Inc. ("Defendant" or "Valley Proteins") have entered into the Settlement Agreement of Class and Collective Action and Release of Claims ("Settlement Agreement"), (*see* Dkt. 105-1), which is intended to resolve claims asserted in this action by Plaintiffs; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, (Dkt. 105-1), the Plaintiffs' Motion for Preliminary Approval, the declaration filed in support of the Plaintiffs' Motion for Preliminary Approval, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

*Jurisdiction, Certification of Settlement Classes for Settlement Purposes, and
Appointment of Plaintiffs and Class Counsel*

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The Court has jurisdiction over the subject matter of this action, including the claims asserted, Plaintiffs, the members of the proposed FLSA Collective ("Settlement Collective Action") and proposed Rule 23 Settlement Class ("Settlement Class"), Defendant, and the implementation and administration of the Settlement Agreement.

3. The Settlement Agreement, which was filed with the Court as Exhibit A to Plaintiffs' Motion for Preliminary Approval (Dkt. 104, 105-1), is preliminarily approved, as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, subject to final consideration thereof, at the Final Approval Hearing provided for below.

4. On the basis of the findings set forth below, the Court hereby conditionally certifies the following Settlement Collective Action pursuant to Section 16(b) of the FLSA, for settlement purposes only, in accordance with the terms of the Settlement Agreement:

> Any individual employed by Defendant as a driver in North Carolina during the time period March 19, 2018 to January 13, 2022

5. On the basis of the findings set forth below, the Court hereby conditionally certifies the following Settlement Class pursuant to pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:

> Any individual employed by Defendant as a driver in North Carolina during the time period March 19, 2019 to January 13, 2022.

6. For the purpose of settlement only, the Court further finds that Plaintiffs' Counsel are adequate to serve as Class Counsel and conditionally appoints Gilda A. Hernandez, of the Law Offices of Gilda A. Hernandez, PLLC, as Class Counsel for the Settlement Class. Any member of the Settlement Class who does not elect to be excluded may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

7. For the purposes of settlement only, the Court further finds that named Plaintiffs Hollis, Purvis, and Sturdivant are adequate Class Representatives.

*Notice to Settlement Classes, Opt-In Procedure, and Appointment of Settlement Administrator*

8. The Court approves as to form and content the Notice and Claim Form, attached as Exhibits to the Settlement Agreement, which is an Exhibit to Plaintiffs' Motion for Preliminary Approval, respectively (Dkt. 105-1).

9. The manner and forms of Notice to be sent to members of the Putative Settlement Class set forth in § V of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Notice is disseminated according to the terms of § V(A)(1) of the Settlement Agreement. (Dkt. 105-1).

10. Except for Named Plaintiffs and Select Opt-in Plaintiffs, as identified in the Settlement Agreement, all members of the Settlement Class and Collective Action are authorized to receive a settlement payment only if they timely submit a signed Claim Form to the Settlement Administrator via U.S. Mail or the online portal so that it is postmarked, if sent by U.S. Mail, or received, if submitted via the online portal, on or before the date forty-five (45) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Settlement Class and Settlement Collective Action, in accordance with the terms of the Settlement Agreement. All members of the Settlement Class and Settlement Collective Action who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the Settlement set forth in the Settlement Agreement.

11. Prior to the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement.

*Requests for Exclusion from the North Carolina State Law Settlement Class*

12. Members of the Putative Rule 23 Settlement Class may request exclusion from the Rule 23 Settlement Class and the Settlement. All written requests by members of the Settlement Class, to exclude themselves from the Settlement must be returned by First-Class U.S. Mail to the Settlement Administrator so that it is postmarked no later than forty-five (45) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Class. A written request seeking exclusion must expressly state that the class member wishes to be excluded from the Settlement. The request should state at the top of the letter "Request for Exclusion from Settlement in *Hollis et al. v. Valley Proteins, Inc.*, CA No. 3:21-cv-00112-FDW-DSC," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement.

13. In the event the Settlement receives final approval, any member of the Settlement Class who did not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Settlement Class who do not timely and validly request to be excluded would be enjoined from proceeding against the Defendant for the claims made in the Complaint.

14. All members of the Settlement Class who submit valid and timely notices of their intent to be excluded from the Settlement Class: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.

*Objections to the Settlement*

15. Consistent with the Settlement Agreement, members of the Settlement Class who have not requested exclusion and wish to object to the Settlement must file a written objection with the U.S. District Court for the Western District of North Carolina setting forth the nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection to Class Counsel and Defense Counsel. Any objections must be filed and served no later than forty-five (45) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Classes. To the extent that any objection is filed in advance of the Final Approval Hearing, the Parties may file a written response to the objection as time permits. Unless otherwise permitted by the Court, objecting Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

*Approval and Appointment of Settlement Administrator*

16. The Court approves and appoints Angeion Group ("Angeion") to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order. The Court HEREBY ORDERS and AUTHORIZES Angeion to perform the administrative duties specified herein.

**I.      Issue Notice of Settlement**

17. First, the Court ORDERS Angeion to issue the approved Notice, Claim Form, and

postage pre-paid return envelope and via text message[1] to all members of the Settlement Class and Settlement Collective Action, as defined above. To that end, Angeion shall:

18. Accept receipt of information regarding the Named and Opt-In Plaintiffs and members of the Settlement Class and Settlement Collective Action (as described in § V(A)(1) of the Settlement Agreement) and shall keep that information confidential in accordance with the terms of § V(A)(2) of the Settlement Agreement;

19. Update the provided addresses for all members of the Settlement Class and Settlement Collective Action using the National Change of Address database in accordance with the terms of § V(A)(1) of the Settlement Agreement;

20. Ensuring the total cost is consistent with Angeion's quoted cost for services and expenses in connection with the administration of the Settlement prior to the mailing and texting of the Settlement Notice, in accordance with the terms of §§ V(C)(2), V(C)(5) of the Settlement Agreement;

21. Confirming the calculated amounts of the individual Settlement Payments are in accordance with the terms of § III(C)(1)-(2) of the Settlement Agreement;

22. Prepare, format, print, and disseminate by Text and First-Class U.S. Mail the Notice and Claim Form approved by the Court, together with a pre-addressed, postage-paid return envelope, and follow-up on any undeliverable Notices and Claim Forms with a skip trace in accordance with the terms of § V(A)(3) of the Settlement Agreement;

23. Resend the approved Notice and Claim Form where appropriate in accordance with the terms of § V(A)(1)-(3) of the Settlement Agreement;

---

[1] Notice by text message does not violate federal consumer protection law, as Plaintiffs willingly provided Defendant their phone numbers for purposes of receiving communications related to their employment. *See* Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq.*

24. The Settlement Administrator may provide replacement copies of the Notice by mail or email if requested by a member of the Settlement Class or Settlement Collective Action.

## II. Collect Required Forms and Requests for Exclusion

25. The Court FURTHER ORDERS Angeion to collect the Court-approved Claim Forms returned by members of the Settlement Class and Settlement Collective Action, as well as to collect written requests for exclusion by members of the Rule 23 Settlement Class. As part of these tasks, Angeion shall:

26. Establish and maintain a P.O. Box, email account, and website for receipt of Court-approved Claim Forms, as well as requests for exclusion and other communications from the members of the Putative Settlement Class;

27. Follow up to obtain signed Claim Forms if any are submitted lacking the necessary signature in accordance with the terms of § V(A)(4) of the Settlement Agreement; and

28. Contact any members of the Putative Rule 23 Settlement Class who timely and properly submit both (i) a written request for exclusion, and (ii) a Claim Form, or objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and submit a Claim Form and/or object to the settlement and ask such individuals which option they wish to pursue.

## III. Establish and Distribute Funds from a Qualified Settlement Fund

29. Additionally, the Court ORDERS that, following the issuance of an Order from this Court, if any, granting final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as defined in § II(A)(11) of the Settlement Agreement, Angeion shall take the necessary steps, consistent with the Court-approved settlement, to distribute Settlement Payments (as defined in § II(A)(35) of the Settlement Agreement) to

Authorized Claimants, as well as to make any other Court-authorized payments under the Settlement. This shall include:

30. Setting up a Qualified Settlement Fund ("QSF") and accepting distribution by Defendant of the Gross Settlement Amount into that fund in accordance with the terms of § V(C)(1) of the Settlement Agreement;

31. Paying Court-authorized awards of Class Counsel's Fees and Expenses (as set forth in §§ IV, V(C)(3) of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Class Counsel for such payments, in accordance with the terms § V(C)(3) of the Settlement Agreement;

32. Paying Court-authorized Service Awards to the Named Plaintiffs Hollis, Purvis, and Sturdivant and early opt-in Plaintiffs Justin Cofield, Rodney Johnson, Nelson Johnson, Ricky Rich, Terry Green, Sean Lucas, and Danny Galbreath (as set forth in §V(C)(3) of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Named and Opt-in Plaintiffs for such payments, in accordance with the terms of § III(D) of the Settlement Agreement;

33. If the Court awards less than the requested amount of Attorneys' Fees, Expenses, or Service Awards, any reduced amount shall revert to or remain with Defendant, in accordance with § IV of the Settlement Agreement prior to distribution and following the effective date.

34. Determining which members of the Settlement Class or Settlement Collective Action are Authorized Claimants who will receive Settlement Payments;

35. Performing all tax reporting duties required by federal, state, or local law, in accordance with the terms of § V(A)(4) of the Settlement Agreement;

36. Preparing and sending, by U.S. Mail, Settlement Payments to Authorized Claimants in accordance with the terms of § V(C)(2) of the Settlement Agreement;

37. Preparing and sending, by U.S. Mail, I.R.S. Forms W-2 and 1099 to Authorized Claimants either contemporaneously with or an appropriate time after the issuance of Settlement Payments, in accordance with the terms of § V(C) of the Settlement Agreement;

38. Voiding and placing stop-payments on Settlement Payment checks that are not negotiated within one hundred-eighty (180) calendar days after being mailed to Authorized Claimants, or that are reported as potentially stolen or lost by an Authorized Claimant; Reissuing and mailing checks to Authorized Claimants who reported the check was lost or stolen;

39. Within one-hundred ninety (190) days after mailing the Individual Settlement Amount checks, preparing and sending to Defense Counsel and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed and, within seven (7) days of providing this accounting, and reissuing such checks.

## IV. Reporting Activities to the Parties

40. Angeion is HEREBY ORDERED to regularly report to Plaintiffs' Counsel, in written form, the substance of the work it performs in this matter pursuant to this Order and the Settlement Agreement in accordance with the terms of § V(A)-(D) of the Settlement Agreement. This shall include informing the Parties of the dates Angeion mails and emails the Notice to members of the Putative Settlement Class, the number of claim forms, objections or exclusion requests received, and when it distributes funds from the QSF.

41. The Settlement Administrator shall provide to counsel for both parties, within sixty (60) days of the mailing of the Notice of Settlement a declaration from an appropriate agent or agents working for it, stating under penalty of perjury: (a) a listing of the total number of all individuals (identified by a unique identifier), who were mailed Notice; (b) how many individuals timely and properly submitted the required Claim Form to receive a Settlement Payment and, if

so, the amount of that payment; (c) the identity of all such individuals who validly and timely requested exclusion from the settlement; and (d) whether each such individual was a member of the Settlement Collective, and/or a member of a Settlement Class.

42. To allow the Parties and the Court to evaluate the work performed by Angeion in this matter, Angeion is also ORDERED to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the Settlement Agreement, including: (i) records reflecting the dates of all mailings to members of the Settlement Class or Settlement Collective Action; (ii) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail and/or e-mail); (iii) the original mailing envelope for any returned Notice, any claim forms received, any written requests for exclusion, or any other correspondence received from members of the Settlement Class, Settlement Collective Action, or Authorized Claimants; (iv) logs or date-stamped copies showing the dates and times of receipt of claim forms received by fax; (v) the original copies of any U.S. mail, or email communications with any members of the Settlement Class, Settlement Collective Action, or Authorized Claimants.

**V.     Miscellaneous**

43. The Court FURTHER ORDERS that counsel for all Parties have the right to review and approve any documents to be mailed by Angeion in connection with the proposed settlement prior to their mailing, and Angeion may not mail any such documents without first receiving written approval or direction from the Court to send such documents.

44. Angeion is FURTHER ORDERED to take reasonable steps to protect the disclosure of any and all personal information concerning members of the Settlement Class or Settlement Collective Action provided to Angeion by counsel for the Parties, including but not limited to

members of the Settlement Class or Settlement Collective Action personal information provided pursuant to § V(A)(1)-(4) of the Settlement Agreement. This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with the terms of § V(A)(1) of the Settlement Agreement).

45. Finally, Angeion is ORDERED to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the issuance of the Court-authorized Notice, to collect and track the Claim Forms submitted by Authorized Claimants, and requests for exclusion from those Settlement Class members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Settlement Agreement.

### *The Final Approval Hearing*

46. Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable and in the best interests of the members of the Settlement Class, and whether a final judgment as to Plaintiffs' claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

47. At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs.

48. The Final Approval Hearing is hereby scheduled to be held before this Court on the **August 2, 2022, at 9:30 a.m.** in Courtroom 5B of the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202.

49. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class Settlement Collective Action, or Authorized Claimants other than that which may be posted by the Court.

50. Only members of the Settlement Class who have filed and served timely notices of objection in accordance with the terms of § V(A)(4) of the Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing. Any member of the Settlement Class who does not timely file and serve an objection in writing to the Settlement Administrator, within 45 calendar days after the mailing date of the Notice of Settlement, prior to entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

51. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

52. The costs of settlement administration shall be paid as set forth in § V(C)(5) of the Settlement Agreement.

53. Certification of the Settlement Class and Settlement Collective Action is a conditional certification for settlement purposes only. If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or this Court does not grant final approval of the Settlement Agreement, or the Settlement is not consummated or fails to become effective for any reason whatsoever, the conditional certification of the Settlement Class and Settlement Collective Action shall automatically be cancelled and shall be void, any collective or class actions

certified solely for purposes of the Settlement shall be decertified pursuant to the terms of § V(D)(3) of the Settlement Agreement, and the Defendant shall have reserved all of its rights to challenge the propriety of collective action certification or class action certification for any purpose, including the opposition to any and all class or collective certification motions in this action, to contest the adequacy of Plaintiffs as representatives of the Settlement Classes, and to contest the adequacy of Plaintiffs' counsel as adequate Class Counsel. Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

### B. Attorney Fees and Reimbursement of Expenses

The Court now turns to Plaintiffs' Motion for Attorney Fees and Reimbursement of Expenses, (Doc. No. 106).

The Court has considered the representations of Plaintiffs' Counsel, the pleadings, and the record, and rules as follows with respect to Plaintiffs' Counsel's request for attorneys' fees and reimbursement of litigation costs and expenses:

(1) Plaintiffs' Counsel are awarded attorneys' fees in the amount equal to one-third of the Maximum Gross Settlement Amount (i.e., $2,250,000.00); and

(2) Plaintiffs' Counsel are awarded litigation costs and expenses in the amount of $63,000.00, to come from the Gross Settlement Amount.

### C. Service Awards

Finally, the Court addresses Plaintiffs' Motion for Preliminary Approval of Service Awards, (Doc. No. 108).

The Court has considered the pleadings and the record and rules that the Motion for Service Awards is Granted. The service awards to be paid from the Gross Settlement Fund are as follows:

(1) A Service Award to Named Plaintiff Christopher Hollis is approved in the amount of $100,000.00;

(2) A Service Award to Named Plaintiff Herman Purvis is approved in the amount of $50,000.00;

(3) A Service Award to Named Plaintiff Veraka Sturdivant is approved in the amount of $50,000.00;

(4) A Service Award to Opt-In Plaintiff Justin Cofield is approved in the amount of $2,000.00;

(5) A Service Award to Opt-In Plaintiff Rodney Johnson is approved in the amount of $2,000.00;

(6) A Service Award to Opt-In Plaintiff Nelson Johnson is approved in the amount of $2,000.00;

(7) A Service Award to Opt-In Plaintiff Ricky Rich is approved in the amount of $2,000.00;

(8) A Service Award to Opt-In Plaintiff Terry Green is approved in the amount of $2,000.00;

(9) A Service Award to Opt-In Plaintiff Sean Lucas is approved in the amount of $2,000.00; and

(10) A Service Award to Opt-In Plaintiff Danny Galbreath is approved in the amount of $2,000.00.

### D. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement, (Doc. No. 104); Plaintiffs' Motion for Attorney Fees and Reimbursement of Expenses, (Doc. No. 106); and Plaintiffs' Motion for Preliminary Approval of Service Awards, (Doc. No. 108) are GRANTED. Accordingly, Plaintiffs' Motion to Certify Class Conditionally as a Collective Action and for a Court-Authorized Notice to be Issued Under Section 216(b) of the Fair Labor Standards Act, (Doc. No. 14); Plaintiffs' Amended Motion to Certify Class as a Collective Action and for a Court-Authorized Notice to be Issued Under Section 216(b) of the

Fair Labor Standards Act, (Doc. No. 17); Plaintiffs' Motion to Certify Class Under Fed. R. Civ. P. 23 and for Appointment of Class Counsel Under Fed. R. Civ. P. 23(g), (Doc. No. 55); and Defendant's Motion for Judgment on the Pleadings, (Doc. No. 75) are DENIED AS MOOT.

TAKE NOTICE that the Final Approval Hearing in this matter will take place before the undersigned on Tuesday, August 2, 2022, at 9:30 a.m. in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina.

IT IS SO ORDERED.

Signed: March 8, 2022

_____
Frank D. Whitney
United States District Judge